IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mohammed Shahid, D.P.M., | : | |
| | : | |
| Plaintiff, | : | Case No. 1:24-cv-67 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Charles Gregg Cobb., *et al.*, | : | **Order Denying Motion to File Exhibits Under Seal and Striking Motion to Dismiss and Compel Subject to Refiling** |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court on the Motion to File Exhibits Under Seal by Defendants Charles Gregg Cobb, Rodney Roof, and TriHealth G, LLC ("TriHealth"). (Doc. 6.) Plaintiff Mohammed Shahid, D.P.M., initiated this employment action on February 13, 2024. (Doc. 1.) He asserts the following claims: (1) breach of contract against TriHealth; (2) violation of 42 U.S.C. § 1981 against all Defendants; (3) violation of Title VII against TriHealth; (4) violation of Ohio Rev. Code § 4112 against all Defendants; and (5) declaratory judgement and injunctive relief.

On April 12, 2024, Defendants filed a Motion to Dismiss and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance (Doc. 7) along with the Motion to File Exhibits Under Seal (Doc. 6). Defendants seek to file under seal Shahid's Professional Employment Agreement[1] between himself and TriHealth, which is also the agreement upon which Shahid bases his breach of contract and declaratory judgment/injunctive relief claims. This document contains the arbitration clause upon which Defendants base their argument for dismissal and/or stay.

---

[1] The Court obtained a copy of the Professional Employment Agreement from Defendants and reviewed the document *in camera*.

I.  STANDARD OF REVIEW

"Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Pursuant to Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." While a court has discretion to seal court records, that discretion is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180–81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).

"To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). Further, the proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Sixth Circuit has held that exceptions to maintaining openness of court documents fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exceptions," which include "certain privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson*, 710 F.2d at 1179. "[I]n civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome" the presumption of openness. *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020).

## II.     ANALYSIS

Defendants have not met their burden to seal Shahid's Professional Employment Agreement. The document is a standard employment agreement containing details about Shahid's job responsibilities, compensation, termination of the agreement, confidentiality, restrictive covenants, and arbitration, among other terms. Defendants broadly contend that public disclosure of this document would cause competitive and financial harm without explaining or showing in detail how this is so and pointing out any particular provision within the Professional Employment Agreement. Further, the document is essential to the claims of this case as well as Defendants' defense that Plaintiff is subject to mandatory arbitration. In short, Defendants failed to meet their burden to justify sealing this document.

Accordingly, Defendants' Motion to File Exhibits Under Seal (Doc. 6) is **DENIED**. Defendants' Motion to Dismiss and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance (Doc. 7) is **STRICKEN FROM THE RECORD**. Defendants are instructed to refile as follows. First, Defendants are to file a "Notice of Filing Exhibits in Support of Motion to Dismiss and Compel," individually attaching each separate

document upon which it relies in support of its Motion to Dismiss and/or Compel, including the Professional Employment Agreement upon which it heavily relies.  Document numbers and PageID numbers are generated upon filing these documents.  Second, Defendant are to refile their Motion to Dismiss and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance and cite the Document numbers and PageID numbers of the previously attached exhibits upon which it relies in its Motion.  Defendants must refile their documents within seven days of entry of this Order.

    **IT IS SO ORDERED**.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court
