IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mohammed Shahid, D.P.M., | : | |
| Plaintiff, | : | Case No. 1:24-cv-67 |
| v. | : | Judge Susan J. Dlott |
| Charles Gregg Cobb., *et al.*, | : | **Order Granting in Part Motion to Dismiss and/or Stay Proceedings** |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance. (Doc. 17.) Plaintiff filed a Response in Opposition, and Defendants filed a Reply. (Docs. 18, 19.) For the reasons that follow, the Court will **GRANT IN PART** Defendants' Motion and **STAY THE CASE PENDING ARBITRATION.**

I. BACKGROUND

A. Facts

Mohammed Shahid, D.P.M., brings this race and religious discrimination action against Defendants Charles Greg Cobb, Rodney Roof, D.P.M., and TriHealth G, LLC ("TriHealth"). (Doc. 15.) Dr. Shahid is a podiatrist licensed to practice medicine in Ohio who maintains a surgical practice. (*Id.* at PageID 189.) Mr. Cobb is employed as Senior Director of Clinical Services of TriHealth and oversees clinical practice areas and employees, including Dr. Shahid. (*Id.* at PageID 190.) Dr. Roof is a podiatrist and TriHealth's Director of Podiatry and Associate Director. (*Id.*) He manages and supervises TriHealth's podiatry department and was Dr. Shahid's immediate supervisor. (*Id.*)

Dr. Shahid began practicing podiatry at TriHealth in September 2015. (*Id.*) He entered into a Professional Employment Agreement ("PEA") with TriHealth effective December 14,

2015. (Doc. 15-1 at PageID 208.) Under Article X, the "Arbitration" provision of the PEA, the parties agreed:

> Except as contemplated by Section 9.5, any controversy or claim arising out of or relating to this Agreement or the breach thereof or otherwise arising out of Physician's employment or the termination of that employment shall, to the fullest extent permitted by law, be settled by binding arbitration in any forum and form agreed upon by the parties or, in the absence of such an agreement, under the auspices of the American Arbitration Association ("AAA") in Cincinnati, Ohio in accordance with the Employee Dispute Resolution Rules of the AAA, including but not limited to, the rules and procedures applicable to the selection of arbitrators. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This Article X shall be specifically enforceable, and shall survive termination or expiration of this Agreement.

(*Id*. at PageID 217.) The employment relationship between TriHealth and Dr. Shahid deteriorated, and on October 16, 2023, TriHealth terminated Dr. Shahid's employment. (Doc. 15 at PageID 195, 199.)

### B. Procedural History

Iterations of this employment dispute have been proceeding in three separate forums: state court, federal court, and in arbitration. On November 15, 2023, TriHealth filed a Complaint in the Hamilton County, Ohio Court of Common Pleas (the "state case") alleging claims of breach of contract and unjust enrichment against Dr. Shahid. (Doc. 1 at PageID 12; Doc. 15 at PageID 199.) On January 8, 2024, Dr. Shahid moved to stay the state case pending arbitration on the basis that the claims asserted by TriHealth are subject to mandatory arbitration. (Doc. 11-2.) On January 25, 2024, the Hamilton County Court of Common Pleas stayed the state case by agreed order. (Doc. 15 at PageID 199–200.)

On January 24, 2024, TriHealth filed a Demand for Arbitration against Dr. Shahid for claims of breach of contract and unjust enrichment. (Doc. 11-3.) Dr. Shahid then filed a Counterclaim in arbitration which is nearly identical to his Complaint in federal court, asserting the following claims: (1) breach of contract against TriHealth; (2) violation of 42 U.S.C. § 1981

2

against TriHealth; (3) violation of Title VII against TriHealth; (4) violation of Ohio Rev. Code § 4112 against "all Defendants"; and (5) request for declaratory judgment and injunctive relief. (Doc. 11-4.) Mr. Cobb and Dr. Roof are not named as defendants in arbitration so the reference to "all Defendants" is seemingly an inartful repurposing of Dr. Shahid's federal Complaint.[1]

Dr. Shahid filed a Complaint in this court on February 13, 2024 against TriHealth, Mr. Cobb, and Dr. Roof. (Doc. 1.) Defendants moved to dismiss, and Dr. Shahid filed an Amended Complaint. (Docs. 12, 13, 15.[2]) Dr. Shahid asserts the following claims: (1) breach of contract against TriHealth; (2) violation of 42 U.S.C. § 1981 against all Defendants; (3) violation of Title VII against TriHealth; (4) violation of Ohio Rev. Code § 4112 against all Defendants; (5) declaratory judgment and injunctive relief. (Doc. 15; *compare* Doc. 15 *to* Doc. 11-4.) On June 3, 2024, Defendants moved under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, to dismiss the Amended Complaint or alternatively to stay the case pending arbitration or decline jurisdiction over this action. (Doc. 17.[3]) Dr. Shahid responded, and Defendants replied. (Docs. 18, 19.) The matter is now ripe for review.

**II.   LAW**

Under the FAA, written agreements to arbitrate a controversy arising out of a contract or transaction "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law

---

[1] TriHealth argues that the inadvertent reference to "all Defendants" in his Counterclaim in arbitration means that Dr. Shahid is proceeding against Mr. Cobb and Dr. Roof. The Court declines to accept this interpretation as there is no evidence that the individuals are defending the counterclaim in arbitration or otherwise participating as parties in arbitration.

[2] The Clerk of Court directed Plaintiff to refile his Amended Complaint to comply with Local Rule 5.1(c). (Doc. 14.) Defendants refiled the Amended Complaint as Document 15, which is what the Court cites to as the Amended Complaint.

[3] Because Defendants filed a new Motion to Dismiss the Amended Complaint and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance (Doc. 17), the Court **DENIES AS MOOT** their prior Motion to Dismiss and Compel Arbitration, or in the Alternative, Stay the Proceedings and/or Motion for Abeyance. (Doc. 12.)

or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3, 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.")

Before compelling arbitration, the Court "must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mecury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The party opposing arbitration bears the burden of proving the claims at issue are not subject to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted).

Under Section 3 of the FAA, if a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration as been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding [as opposed to dismiss it]." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

III. **ANALYSIS**

### A. Claims Against TriHealth Are Subject to Arbitration

Dr. Shahid concedes his claims against TriHealth are subject to arbitration and does not oppose a stay against all parties pending arbitration of his claims against TriHealth. (Doc. 18 at PageID 250–251.) Based on the parties' clear agreement in the PEA, Dr. Shahid's claims asserted against TriHealth which arise out of his employment in this case are subject to mandatory arbitration.

### B. Claims Against Mr. Cobb and Dr. Roof Are Not Subject to Arbitration

Defendants move to compel arbitration of Dr. Shahid's claims against Mr. Cobb and Dr. Roof, who are non-signatories to the PEA. Dr. Shahid argues that he did not agree to arbitrate these claims, but he nonetheless consents to the claims being stayed pending resolution of arbitration of the claims against TriHealth.

The Supreme Court has held that "a litigant who was not a party to the relevant arbitration agreement may invoke § 3 [of the FAA] if the relevant state contract law allows him to enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009). The PEA states that the parties' agreement will be governed by and construed in accordance with the laws of the state of Ohio. (Doc. 15-1 at PageID 218.) The parties do not dispute Ohio law governs. Thus, the question before the Court is whether Ohio law permits Mr. Cobb and Dr. Roof to enforce the arbitration clause in Dr. Shahid's PEA as non-signatories. *See AtriCure, Inc. v. Meng*, 12 F. 4th 516, 520 (6th Cir. 2021). The Court finds that it does not in this case.

Defendants argue that the claims against Mr. Cobb and Dr. Roof are subject to arbitration because they are in privity with TriHealth, a signatory to the PEA. Under Ohio law, privity does not require a contractual relationship. *Reo v. Palmer Admin. Servs.*, 770 F. App'x 746, 748 (6th Cir. 2019) (citing *ABS Indust., Inc. ex rel. ABS Litig. Tr. v. Fifth Third Bank*, 333 Fed. App'x 994, 999 (6th Cir. 2009)). Ohio courts define privity as "[t]he connection or relation between

5

two parties, each having a legally recognized interest in the same subject matter" and "mutuality of interest." *Id*. (citing *Sayyah v. Cutrell*, 143 Ohio App. 3d 102, 111, 757 N.E.2d 779 (2001) (quoting Black's Law Dictionary (7 Ed. Rev. 1999)); *see also O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 61, 862 N.E.2d 803 (2007) (noting that "[a] 'mutuality of interest, including an identity of desired result,' might also support a finding of privity")). In *Reo*, the Court affirmed the district court's conclusion that a matter was arbitrable based upon privity of contract between a father and his adult son. *Id*. at 748. The Court determined privity of contract existed because the two had a mutual interest in a settlement agreement the son signed two years earlier related to the appellee making calls to the telephone landline at the father's and son's shared residence. *Id*. at 747–748. The Court found that the father and son shared a mutuality of interest as the prospective relief for an alleged injury stemming from the calls would benefit each the same way. *Id*. at 748.

The facts of this case are not analogous to *Reo* so as to demonstrate that Mr. Cobb and Dr. Roof have a mutuality of interest in Dr. Shahid's arbitration agreement with TriHealth. Dr. Shahid's claims likely rise and fall with the claims against TriHealth as Dr. Shahid alleges that TriHealth was "aided and abetted" by Mr. Cobb and Dr. Roof. However, their interests are distinct from TriHealth's and in fact may collide during the course of arbitration or litigation. Also, Mr. Cobb and Dr. Roof are facing individual liability, whereas TriHealth is an entity with different stakes and interests. Thus, mutuality of interest is not established by the fact that Dr. Shahid is alleging the same substantive allegations in two forums or because he alleges that the individuals were aided and abetted by TriHealth.

Furthermore, Mr. Cobb and Dr. Roof are not agents subject to TriHealth's agreement to arbitrate claims with Dr. Shahid. Under Ohio law, agents do not become contracting parties when they sign a contract on behalf of a principal or perform duties as agents for a principal.

6

*AtriCure*, 12 F.4th at 531–532. However, Ohio's intermediate courts depart from this approach in the arbitration setting and have held that agents may enforce arbitration clauses in contracts signed by their principals when the other party has sued them for actions taken within the scope of their agency. *Id*. (collecting cases). For instance, in *Rivera v. Rent A Center, Inc.,* an employee agreed to arbitrate all claims and controversies relating to his employment and termination with the company, including discrimination. No. 101959, 2015 WL 5455882, at *5–6 (Ohio Ct. App., 8th Dist., Sept. 17, 2015). The court construed the broad arbitration provision to apply to claims against non-signatory, individual employees alleged to have discriminated against the plaintiff, including in their individual capacities. *Id*. The Court found relevant that the arbitration provision included an agreement to arbitrate all claims involving "employees" in their "capacity as such or otherwise," which the court extended to the claims against the employees in their individual capacities. *Id*.

In *AtriCure*, the Sixth Circuit Court of Appeals acknowledged that the Ohio Supreme Court has yet to address whether traditional agency rules apply or arbitration-specific agency rules apply when evaluating a broad arbitration agreement and whether it applies to an agent. 12 F. 4th at 532-533. The Court remanded the case for consideration of whether the individual sued acted as an agent when he engaged in the conduct that was complained about in the lawsuit as compared to the conduct it complains about in the separate arbitration. *Id.*

Here, the language of the arbitration provision in the PEA applies to "any controversy or claim arising out of or relating to this Agreement or the breach thereof or otherwise arising out of Physician's employment or termination of that employment" and applies to the "fullest extent permitted by law." (Doc. 15-1 at PageID 217.) The PEA also states that "[n]othing herein expressed or implied is intended or shall be construed to confer upon or give any person other than the parties hereto, and their permitted successors and assigns, any rights or remedies under

or by reason of this Agreement." (*Id*. at PageID 218.) Employees are not included in the broad arbitration provision, which was the case in *Rivera*. Moreover, the PEA includes an explicit statement that third parties are not included in the contract. Dr. Shahid's claims against Mr. Cobb and Dr. Roof are for individual liability, thus, for when they arguably acted outside the scope of their agency. For these reasons, the Court does not find agency as a basis to submit the claims against Mr. Cobb and Dr. Roof to arbitration. However, because Dr. Shahid has consented to a stay in this case, the Court will stay those claims and resume this litigation upon conclusion of the claims in arbitration against TriHealth.

### C. The Court Must Stay the Action[4]

Under Section 3 of the FAA, the Court must stay proceedings where the dispute is referrable to arbitration. *Smith*, 601 U.S. at 476. Contrary to Defendants' argument, the Court lacks discretion to dismiss an action where a case is subject to arbitration. *Id*. As the claims against TriHealth are subject to arbitration, the Court will **STAY** this action pending arbitration.

## IV.  CONCLUSION

This action is **STAYED** pending arbitration of the claims against TriHealth. The claims against the individual Defendants will also be **STAYED** and will proceed upon conclusion of arbitration.

**IT IS SO ORDERED**.

 S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court

---

[4] As the Court is staying this action, it need not address Defendants' alternate argument that the *Colorado River* abstention doctrine applies. *See Colorado River Water Conservation District v. U.S*., 424 U.S. 800, 817–818 (1976).